IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARC HOME, LLC, § § Plaintiff, § § vs. § § SPRING EQ, LLC, § § Defendant. § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Arc Home, LLC ("Arc Home") files this Complaint against Defendant Spring EQ, LLC ("SEL") seeking a declaratory judgment of trademark invalidity and non-infringement. In support thereof, Arc Home would respectfully show the Court as follows:

## I.     INTRODUCTION

1. Arc Home brings this action to protect itself from SEL's wrongful efforts to stymie Arc Home's lawful and successful business operations. As relevant to this dispute, Arc Home offers a Home Equity Line of Credit ("HELOC") that allows homeowners to access their home equity quickly and conveniently through an all-digital process. Arc Home markets this product under the moniker "HomeEQ" with various word and stylized marks.

2. On March 5, 2025, SEL sent Arc Home a cease and desist letter claiming to have rights in the marks "Spring EQ" and "EQ" (the "Claimed Marks"). SEL claims that Arc Home's trademark applications for "HomeEQ" with various word and stylized marks, used in conjunction with services that include mortgage loans secured by residential real property "cause confusion in the marketplace" and "constitute trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125 and unfair competition and deceptive trade practices under state law."

3. In particular, SEL clams that Arc Home's use of the letters "EQ," both in word and stylistic marks, infringe its "EQ" word mark and are likely to cause confusion with its "EQ" and "Spring EQ" marks.

4. SEL has demanded that Arc Home cease its use of "EQ" in Arc Home's word and stylistic marks.

5. Arc Home brings this declaratory judgment action to resolve this dispute by showing that: (1) the "EQ" Claimed Mark is not eligible for trademark protection under any applicable state or federal law, and/or (2) Arc Home's marketing, manufacturing, and selling of its services does not infringe on the Claimed Marks.

## II.     PARTIES

6. Arc Home is a Maryland Limited Liability Company located at 224 Strawbridge Drive, Suite 200 in Moorestown, New Jersey 08057. Home EQ LLC ("HomeEQ") is a division of Arc Home, organized under the laws of the State of Delaware.

7. SEL is a Delaware Limited Liability Company with its principal place of business in Pennsylvania at the address: 2929 Arch Street, Suite 500, Philadelphia, Pennsylvania 19104.

## III.     JURISDICTION AND VENUE

8. Arc Home brings this action pursuant to 28 U.S.C. §§ 2201, 2202 and 15 U.S.C. §§ 1051 *et seq.*, seeking a judicial declaration to resolve a question of actual controversy between the parties. Arc Home seeks to resolve a dispute as to whether it may operate a business unit under the moniker "HomeEQ" and under related word and stylistic marks.

9. SEL has demanded by letter that Arc Home abandon certain trademark applications and cease use of names and stylistic marks containing the letters "EQ."

10. Arc Home contends that it may lawfully use the moniker "HomeEQ" and related word and stylistic marks to market its services in the United States, notwithstanding SEL's

objections.

11. Arc Home actively uses the moniker "HomeEQ" and related word and stylistic marks to market its services in the United States.

12. Therefore, an actual, substantial, and justiciable controversy exists between Arc Home and SEL on which Arc Home requires a declaration of rights by this Court.

13. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(a), (d).

15. This Court has personal jurisdiction over SEL because SEL is an entity organized under the laws of the State of Delaware, and purposefully avails itself of the privilege of conducting business in the State of Delaware.

## IV.     FACTUAL BACKGROUND

16. Arc Home is a mortgage company that has earned a sterling reputation within the industry for offering a unique and competitive suite of first and second lien products to consumers located throughout the United States. During the Fall of 2024, Arc Home began offering a HELOC product to consumers in targeted jurisdictions spread throughout the country. Arc Home markets its HELOC products under the moniker "HomeEQ" with various word and stylized marks. In connection with its persistent use in interstate commerce, Arc Home has sought registration before the United States Patent and Trademark Office ("USPTO") of various word and stylized marks associated with the HomeEQ moniker—including (but not limited to) U.S. Serial Nos. 98724060, 98724079, 98723980, 98724024, 98724054, 98724090, 98724100, and 98724039.

17. Arc Home has never used or operated under the word mark "Spring EQ." Further, Arc Home has never used a stylized green letter "EQ" mark with the center of the letter "Q" forming a house logo—as used by SEL.

18. Even so, on March 5, 2025, SEL sent Arc Home a cease and desist letter claiming to have rights in the word marks "Spring EQ" and "EQ" (the "Claimed Marks").

19. SEL claims in its letter that Arc Home's trademark applications for "HomeEQ" with various word and stylized marks, used in conjunction with services that include mortgage loans secured by residential real property, "cause confusion in the marketplace" and "constitute trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125 and unfair competition and deceptive trade practices under state law" (the "Claims").

20. That same day, SEL filed two trademark applications before the USPTO, seeking registration of: (1) the word mark "Spring EQ," without claim to any particular font style, size, or color, and (2) the word mark "EQ," without claim to any particular font style, size, or color (the "Applications"). SEL claimed to have used both in commerce since January 19, 2016.

21. SEL seeks registration for the Claimed Marks under international class 036 for: "Financial services; mortgage lending and refinancing; home equity loans; providing home equity lines of credit."

22. Because SEL only recently elected to seek registration of SEL's Claimed Marks, the USPTO has not (yet) taken action on the SEL Applications.

23. Despite its persistent assertions to the contrary, SEL's Claims and Applications are both misplaced. For example, "EQ" is a standard abbreviation for "equity" in the financial services industry, including as it relates to mortgage lending and refinancing; home equity loans; and providing home equity lines of credit.

24. Standing alone, use of "EQ" as an abbreviation constitutes a generic wording for the description of services, namely equity services, in the business of mortgage lending and

refinancing; home equity loans; and providing home equity lines of credit.

25. Further, the abbreviation "EQ" has been used by, and continues to be used by, others in the financial services industry, including in relation to "mortgage lending and refinancing; home equity loans; providing home equity lines of credit," among other services. Worse still, the continued use by others of the abbreviation "EQ" meaning "equity" in the financial services industry predates first asserted stand-alone use of the "EQ" abbreviation by SEL.

26. Because of the continued general use in the financial services industry of the abbreviation "EQ" to refer to "equity," the term "EQ" used by itself serves to describe some aspect of financial services without identifying or distinguishing the source of those goods or services. In this regard, and as used by SEL, the stand-alone abbreviation claimed by SEL as its mark "EQ" is non-distinctive.

27. Upon information and belief, SEL has not used the word mark "EQ" apart from its mark "Spring EQ" for 5 years. Upon information and belief, SEL's use of "EQ" has either been as a component of its "Spring EQ" mark, or as a stylized mark composed of a green letter "EQ" mark with the center of the letter "Q" forming a house logo.

28. Arc Home's mark "HomeEQ" is distinct from, and will not be confused by consumers with, SEL's Claimed Mark "EQ."

29. Arc Home's mark "HomeEQ" is distinct from, and will not be confused by consumers with, SEL's Claimed Mark "Spring EQ."

## COUNT I (DECLARATORY JUDGMENT)
### Spring's "EQ" Mark is Not a Valid Trademark

30. Arc Home restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. An actual, substantial, and judiciable controversy exists between Arc Home and

SEL regarding whether a claim exists for trademark infringement under 15 U.S.C. §§ 1051 *et seq*. To resolve this controversy, Arc Home seeks a judicial declaration that the "EQ" mark is not eligible for trademark protection under any applicable state or federal law.

32. The "EQ" mark is not entitled to registration with the USPTO—on either the principal or supplemental register—because it does not comply with one or more provisions of the Lanham Act (15 U.S.C. §§ 1051 *et seq*.). In particular, the "EQ" mark wholly fails to comply with Section 2 of the Lanham Act because it: (1) merely describes the services, namely "EQ" constitutes the abbreviation for "equity" in the financial services industry, including as it relates to mortgage lending and refinancing; home equity loans; and providing home equity lines of credit, and (2) is merely functional as a component of financial services. *See* 15 U.S.C. § 1052.

33. Arc Home therefore requests that the Court issue a declaratory judgment that the Claimed Mark "EQ", U.S. Serial No. 99069005, is facially invalid, is not eligible for registration on either principal or supplemental register of the USPTO, and should be cancelled.

34. In the same regard—and for the same reasons— SEL has not obtained and may not obtain any other federal, state, or common-law trademark rights in the "EQ" word mark. Accordingly, Arc Home requests that the Court likewise issue a declaratory judgment that the "EQ" word mark is not eligible for federal, state, or common law trademark protection—and by extension, that SEL may not enforce any trademark rights under § 43 of the Lanham Act, 15 U.S.C. § 1125, or any substantially equivalent state statute.

**COUNT II (DECLARATORY JUDGMENT)**
**Non-infringement of Federal Serial Nos. 99069005 (the word mark "EQ") and 99068922 (the word mark "Spring EQ")**

35. Arc Home restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36. For (at least) the reasons stated above, SEL's Claimed Mark "EQ" is invalid and not entitled to any trademark protection. SEL may not contend that Arc Home infringes upon any rights under § 43 of the Lanham Act, 15 U.S.C. § 1125, or any substantially equivalent state statute.

37. Arc Home has never used the word mark "Spring EQ."

38. Arc Home's mark "HomeEQ" is distinct from, and would not be confused by consumers with, SEL's Claimed Marks, "EQ" or "Spring EQ."

39. In conjunction with, or in the alternative to, the relief sought above, Arc Home seeks a judicial declaration that it has not and does not infringe on any rights SEL may hold in the "EQ" or "Spring EQ" marks.

40. An actual, substantial, and justiciable controversy exists between Arc Home and SEL regarding whether a claim exists for trademark infringement under 15 U.S.C. §§ 1051 *et seq*.

41. Arc Home has not and will not infringe on any valid or enforceable right SEL may hold in the "EQ" or "Spring EQ" marks. Arc Home's marketing and sale of its products and services is not likely to cause confusion, or to cause mistake, or to deceive and therefore does not infringe any enforceable rights SEL may assert in the "EQ" or "Spring EQ" marks.

42. A judicial declaration of non-infringement is necessary and appropriate in order to resolve this controversy. Arc Home is therefore entitled to a declaratory judgment that it has not and does not infringe on any rights SEL may hold in the "EQ" or "Spring EQ" word marks.

## JURY DEMAND

43. Pursuant to Federal Rule of Civil Procedure 38 and D. Del. LR 38.1, Arc Home hereby demands a trial by jury.

## PRAYER FOR RELIEF

For these reasons, Arc Home respectfully requests that the Court:

a. Declare that Federal Serial No. 99069005 (the word mark "EQ") is not entitled to registration with the USPTO—on either the principal or supplemental register—because it fails to meet the conditions for registration and/or otherwise comply with the requirements of 15 U.S.C. § 1052;

b. Should either of the Claimed Marks be listed on the primary or supplemental registers during the pendency of this proceeding, order the cancellation of Federal Serial No. 99069005 (the word mark "EQ") pursuant to this Court's power under 15 U.S.C. § 1119;

c. Declare that SEL has not obtained and may not obtain any federal, state, or common-law trademark rights to the word mark "EQ", and therefore SEL may not enforce any such rights under § 43 of the Lanham Act, 15 U.S.C. § 1125, or any substantially equivalent state statute;

d. Declare that Arc Home has not and does not infringe on any rights SEL may have in the word mark "EQ", *e.g.* as shown in Federal Serial No. 99069005 and the word mark "Spring EQ," *e.g.* as shown in Federal Serial No. 99068922;

e. Enjoin SEL, its agents, servants, employees, and/or attorneys from initiating or otherwise pursuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening Arc Home or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them, either verbally or in writing, with infringement of the word mark "EQ" or the word mark "Spring EQ"; and

f. Award Arc Home such other and further relief as to which it may be entitled.

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARTATT & TAYLOR, LLP |
| Stephen J. Huschka<br>Chad J. Ray<br>MUNSCH HARDT KOPF & HARR, P.C.<br>500 N. Akard Street, Suite 4000<br>Dallas, Texas 75201<br>(214) 855-7500<br>shuschka@munsch.com<br>cray@munsch.com | /s/ Samantha G. Wilson<br>Ryan P. Newell (No. 4744)<br>Samantha G. Wilson (No. 5816)<br>Jennifer P. Siew (No. 7114)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>rnewell@ycst.com<br>swilson@ycst.com<br>jsiew@ycst.com |
| Dated: March 12, 2025 | *Attorneys for Plaintiff Arc Home, LLC* |